UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
HARRISON LEWIS, III,               :
                                   :
         Petitioner,               :   Civ. No. 20-2778 (NLH)
                                   :
    v.                             :   OPINION
                                   :
                                   :
DAVID E. ORTIZ,                    :
                                   :
         Respondent.               :
_____:

APPEARANCES:

Harrison Lewis, III
34839-037
Fort Dix Federal Correctional Institution
P.O. Box 2000
Joint Base MDL, NJ 08640

    Petitioner Pro se

HILLMAN, District Judge

    Harrison Lewis, III, has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the validity of his federal conviction and sentence.  ECF No. 1.  He also filed a motion to expand the record, ECF No. 5, and for his petition to be transferred out of this District, ECF No. 11.  For the reasons expressed below, this Court will deny the motion to transfer and dismiss the petition for lack of jurisdiction.

I.   BACKGROUND

    A jury from the District of Maryland convicted Petitioner of six counts of bank robbery and one count of attempted bank

robbery in violation of 18 U.S.C. §§ 2, 2113(a),(f).  United States v. Lewis, No. 17-cr-00323 (D. Md. Sept. 14, 2018) (ECF No. 185).  He was sentenced to 132 months imprisonment.  Id.  He appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed the trial court's decision denying Petitioner's motion to suppress and action providing a magnifying glass to the jury.  United States v. Lewis, 776 F. App'x 805 (4th Cir. 2019).  According to the Bureau of Prisons' Inmate Locator, he is scheduled for release on June 15, 2026.  Inmate Locator, available at https://www.bop.gov/inmateloc/# (last visited July 20, 2020).

On March 13, 2020, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 in this Court asserting that the trial court lacked jurisdiction because 18 U.S.C. § 3231 had not been validly passed into law by Congress.  ECF No. 1.  The Court administratively terminated the petition on March 24, 2020.  ECF No. 3.

Petitioner submitted a motion to expand the record to include the "science and technology directorate of the Dept. of Homeland Security National BW (biological warfare) Defense Analysis Center in the Dept. of Defense & Plum Island Animal Disease Center, Inter-services code-word index manufacture process (3) broad-spectrum antibiotics for COVID-19", which was to be subpoenaed from President Trump.  ECF No. 5 at 3.  He also

2

filed a motion to transfer the petition to the District of Maryland for consideration under 28 U.S.C. § 2255.  ECF No. 11.  Shortly thereafter, he submitted an amended petition and the Court reopened the case.  ECF No. 12.

II. DISCUSSION

    A. Legal Standard

Petitioner brings this petition for a writ of habeas corpus as a pro se litigant.  The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Higgs v. Attorney Gen. of the U.S., 655 F.3d 333, 339 (3d Cir. 2011), as amended (Sept. 19, 2011) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that Petitioner is not entitled to relief.  28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); see also McFarland v. Scott, 512 U.S. 849, 856 (1994); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

B.  **Analysis**

Petitioner brings this action under 28 U.S.C. § 2241. Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001). Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255. See Jackman v. Shartle, 535 F. App'x 87, 88 (3d Cir. 2013) (per curiam) (citing Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" Snyder v. Dix, 588 F. App'x 205, 206 (3d Cir. 2015) (quoting 28 U.S.C. § 2255(e)); see also In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997).

In the Third Circuit, prisoners may use § 2241 to challenge their sentences after two conditions are satisfied: (1) there must be "a claim of actual innocence on the theory that [the prisoner] is being detained for conduct that has subsequently been rendered non-criminal . . . in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review," and (2) "the prisoner must be 'otherwise barred from challenging the legality of the conviction under §

4

2255.'"  Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017) (quoting United States v. Tyler, 732 F.3d 241, 246 (3d Cir. 2013)).  "It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion.  What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued."  Id.

Petitioner raises sixty-six claims of constitutional error in his underlying prosecution ranging from the trial court's lack of jurisdiction under Title 18 to ineffective assistance of counsel.  ECF No. 12.  None of those claims comply with the Third Circuit's requirements for filing a § 2241 petition, i.e., they do not allege that an intervening Supreme Court case made bank robbery non-criminal, nor does it seem that Petitioner could not have raised these claims either in his direct appeal or a § 2255 motion.

Petitioner filed a motion under 28 U.S.C. § 2255 to correct, vacate, or set aside his sentence on July 1, 2020. Lewis, No. 17-cr-00323 (D. Md. July 1, 2020) (ECF No. 218).  The sentencing court is in the process of considering the petition. Because Petitioner can amend his pending § 2255 to include these claims if necessary, the Court lacks jurisdiction under § 2241.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed."  28 U.S.C. § 1631.  The Court declines to transfer the petition because Petitioner's § 2255 motion is currently pending in the District of Maryland.

III. CONCLUSION

For the foregoing reasons, the motion to transfer is denied and the petition for writ of habeas corpus is dismissed for lack of jurisdiction.  An appropriate order will be entered.

Dated: July 21, 2020                    s/ Noel L. Hillman
At Camden, New Jersey                   NOEL L. HILLMAN, U.S.D.J.